

# The Attorney General of Texas

June 22, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4624 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Ben T. Reyes
Chairman
House Committee on Rules
State Capitol
Austin, Texas 78711

Opinion No. H-1192

Re: Authority of Credit Union Commissioner to refuse application for charter.

Dear Representative Reyes:

You ask whether the Credit Union Commissioner has authority to deny a credit union charter on the ground that the applicant's proposed bylaws provide that a certain number of directors shall belong to stated minority groups. You inform us that the bylaws are related to the purpose of the credit union.

The procedure for establishing a credit union is set out in articles 2461-2.01 through 2461-2.04, V.T.C.S. The incorporators must submit to the Commissioners articles of incorporation which state the number of directors and the names of the persons who will serve on the initial board of directors. V.T.C.S. art. 2461-2.02. In addition, they must file with the Commissioner a copy of the bylaws and biographical information concerning each member of the original board of directors. V.T.C.S. art. 2461-2.03(a). The Commissioner may investigate the bylaws and biographical information "to determine whether the proposed credit union and its initial board of directors meet the requirements of this [Texas Credit Union] Act and of the regulations promulgated under this Act." V.T.C.S. art. 2461-2.03(c). If the Commissioner determines that all statutory requirements and regulations have been satisfied, he "shall issue a certificate of incorporation," which is conclusive evidence of the incorporator's compliance with the requirements of the Credit Union Act. V.T.C.S. arts. 2461-2.03(e), 2461-2.04. If the proposed credit union or its initial board of directors does not meet the requirement of the Act and regulations, the Commissioner shall deny the application. The incorporators may request a hearing following denial. V.T.C.S. art. 2461-2.03(d).

As you state in your request letter, no statute, rule, or regulation expressly prohibits the designation of places on the board of directors for members of minority groups. However, article 2461-3.02 provides in part:

>  At all meetings, each member has only one vote, regardless
>  of his shareholdings. No member may vote by proxy. . . .

Article 2461-5.03(a) provides:

>  Directors of the credit union are elected at an annual
>  membership meeting, by and from the membership, and in
>  the manner provided in the bylaws.

Article 2461-3.02 establishes a policy of "one member, one vote" for the governance of credit unions. The Commissioner has interpreted these provisions as giving each member an equal right to seek elective office, without regard to such criteria as race or religion, and as barring any bylaw provisions which designate elective positions for members of particular groups. On the basis of this interpretation, the Commissioner in the past four years has formally denied two written bylaw amendments providing designated slots, and has informally denied at least six inquiries of this nature.

The construction of a statute by the agency charged with its administration is entitled to weight. Trafficante v. Metropolitan Life Insurance Co., 409 U.S. 205, 210 (1972); Ex Parte Roloff, 510 S.W.2d 913 (Tex. 1974). See Attorney General Opinion H-1084 (1977). In our opinion, the Commissioner's interpretation that a bylaw which designates certain directorships for members of minority groups does not meet the requirements of articles 2461-3.02 and 2461-5.03(a) would be upheld by the courts. Thus, we believe the Commissioner may refuse to approve an application which includes such bylaws.

## SUMMARY

>  The Credit Union Commissioner has authority to deny a
>  credit union charter on the ground that the applicant's
>  proposed bylaws require a certain number of directors to
>  belong to stated minority groups.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn